On April 12, 2000, the Stark County Grand Jury indicted appellant, George Love, on one count of possession of cocaine in violation of R.C.2925.11(A) and one count of tampering with evidence in violation of R.C.2921.12. A jury trial commenced on June 30, 2000. The jury found appellant guilty as charged. By judgment entry filed July 12, 2000, the trial court sentenced appellant to a total term of five years in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 ASSIGNMENT OF ERROR APPELLANT WAS DENIED A FAIR TRIAL BY BOTH PROSECUTORIAL MISCONDUCT AND THE ADMISSION OF IMPROPER EVIDENCE AT TRIAL.
Appellant argues the the prosecutor committed misconduct in his final argument to the jury which denied appellant a fair trial. We disagree.
Appellant did not object to the comments he now complains of and therefore we must review this assignment of error under a plain error standard.
In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. State v. Long (1978),53 Ohio St.2d 91; Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, at paragraph three of the syllabus.
The standard for prosecutorial misconduct predicated upon improper remarks of counsel during argument, which are not objected to, is that such statements must serve to deny the defendant a fair trial. Statev. Wade (1978), 53 Ohio St.2d 182. For a conviction to be reversed for prosecutorial misconduct, a reviewing court must determine that the remarks were improper and that they "prejudicially affected the substantial rights of the accused." State v. Smith (2000),87 Ohio St.3d 424.
In rebuttal during closing argument, the prosecutor made the following statements:
 MR. MARAGAS: Finally, Ladies and Gentlemen, ask yourselves who carries around $852 in cash in small bills in their pocket? Ask yourselves that?
* * *
 $852 I submit to you is a lot of cash, a lot of cash to put in your pocket; and, oh, lo and behold traces of cocaine found in the money.
T. (II) at 403-404.
Upon review of same, the we find the matter was adequately within the scope of relevant evidence as to motive under Evid.R. 404.
Appellant also argues that the trial court erred by admitting over objection evidence of other drugs taken from appellant when their possession is not relevant to the proof of the crimes charged and the appellant did not testify.
The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The complained of testimony was elicited from Detective Deborah Geiger who assisted in the arrest of appellant. Prior to any of this testimony, the trial court anticipated an objection and informed counsel of a cautionary instruction he intended on giving the jury:
 THE COURT: Under Evidence Rule 404, obviously the Court is going to caution the jurors that they may not consider the evidence pertaining or relating to the marijuana and the hydrocodone to prove that the Defendants committed the crime charged in the indictment and the crimes for which we are here today. Is that satisfactory? I mean it does go to
MR. MARAGAS: It can be considered for knowledge
 THE COURT: It can be considered, however, for other purposes such as proof of motive, opportunity, intent —
MR. MARAGAS: Yeah, that's exactly.
T. at 171-172.
During the charge to the jury, the trial court did so instruct the jury. T. at 414. Although defense counsel did not object at the time of the presentation of the complained of evidence, we again find the matter was adequately within the scope of relevant evidence as to motive under Evid.R. 404. Upon review, we find nothing that would substantiate a change in the outcome of the trial or that the admission of the complained of evidence was plain error.
Appellant's Assignment of Error is denied.
The Appellant's ineffective assistance of counsel claims will not be addressed by this Court as such was not set forth as an assignment of error as required by App.R. 16.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 __________________ Boggins, J.
Hoffman, P.J. and Farmer, J. concur.